```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION
```

FELICIA BLACK                   §
                                §
VS.                             §   CIVIL ACTION 4:03-CV-1468-Y
                                §
LOCKHEED MARTIN, LTD., et al.   §

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is defendant Lockheed Martin, Ltd. ("Lockheed Martin")'s Motion for Summary Judgment [doc. # 62], filed July 27, 2005. Having carefully considered the motion, response, and reply, the Court concludes that the motion should be GRANTED.

### I. BACKGROUND

Plaintiff Felicia Black, an individual of African-American descent, worked for Lockheed Martin from January until approximately November of 2002. On December 19, 2003, Black filed suit in this Court against Lockheed Martin for employment discrimination. Black's Second Amended Complaint includes claims against Lockheed Martin for retaliation and disparate treatment based on race in violation of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.S. § 2000 *et seq.*, and the Civil Rights Act of 1870, 42 U.S.C. § 1981.

### II. STANDARD OF REVIEW

Summary judgment is proper when the record establishes "that there is no genuine issue as to any material fact and that the

1

moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is considered "genuine" if "it is real and substantial as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citing *Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945)). Facts are considered "material" if they "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether there are any genuine issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material. *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 178 (5th Cir. 1990). Next, the Court must review the evidence on those issues, viewing the facts in the light most favorable to the nonmoving party. *Id.*; *Newell v. Oxford Mgmt. Inc.*, 912 F.2d 793, 795 (5th Cir. 1990); *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir. 1989).

In making its determination on the motion, the Court must look at the full record including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *See* FED. R. CIV. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Rule 56, however, "does not impose on the district court a duty to sift through the record in search of evidence to support" a party's motion for, or opposition to, summary judgment. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). Thus, parties should "identify specific evidence in the record, and . . .

2

. articulate" precisely how that evidence supports their claims. *Forsyth v. Barr*, 19 F.3d 1527, 1536 (5th Cir. 1994). Further, the Court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

To prevail on a motion for summary judgment, the moving party has the initial burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *See Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). A defendant moving for summary judgment may submit evidence that negates a material element of the plaintiff's claim or show that there is no evidence to support an essential element of the plaintiff's claim. *See Celotex Corp.*, 477 U.S. at 322-24; *Crescent Towing and Salvage Co. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994); *Lavespere*, 910 F.2d at 178.

To negate a material element of the plaintiff's claim, the defendant must negate an element that would affect the outcome of the action. *See Anderson*, 477 U.S. at 247. If the defendant moves for summary judgment alleging no evidence to support an essential element of the plaintiff's claim, the defendant need not produce evidence showing the absence of a genuine issue of fact on that essential element. Rather, the defendant need only show that the plaintiff, who bears the burden of proof, has adduced no evidence

3

to support an essential element of his case.  *See Celotex*, 477 U.S. at 325; *Teply v. Mobil Oil Corp.*, 859 F.2d 375, 379 (5th Cir. 1988).

When the moving party has carried its summary-judgment burden, the respondent must go beyond the pleadings and by his own evidence set forth specific facts showing there is a genuine issue for trial.  *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 222 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* FED. R. CIV. P. 56(e).  This burden is not satisfied by creating some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  If the evidence is merely colorable or is not significantly probative, summary judgment may be granted.  *See Anderson*, 477 U.S. at 249-50.

III. <u>ANALYSIS</u>

    A.   <u>Disparate Treatment Pursuant to Title VII and § 1981</u>

Both Title VII and § 1981[1] are governed by the same evidentiary framework.  *LaPierre*, 86 F.3d 444, 448 n.2 (5th Cir. 1996).  The Court may therefore examine Black's Title VII and § 1981 claims together through application of Title VII law.  *See id.*

---

[1] Section 1981 provides that all persons in the United States shall have the same contractual rights as white citizens.  *See* 42 U.S.C. § 1981(a); *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n.2 (5th Cir. 1996).

4

Title VII makes it an unlawful employment practice for an employer to discriminate against any individual on the basis of race, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Both overt discrimination and "practices that are fair in form but discriminatory in practice" are prohibited by Title VII. *See Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1522-23 (5th Cir. 1993). There are consequently two theories of liability under Title VII: disparate impact and disparate treatment. *See Frazier*, 980 F.2d at 1523.

Black's racial-discrimination claims rest on grounds of disparate treatment. In race-based cases, disparate-treatment theories of recovery require a showing "that the employer intentionally treated the employee unfairly because of race." *Id.* (citing *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 645-46 (1989)). Thus, "[a] plaintiff alleging disparate treatment in a Title VII action has the burden of proving discriminatory intent." *Barnes v. Yellow Freight Systems, Inc.*, 778 F.2d 1096, 1101 (5th Cir. 1985) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 258 (1981)).

There are two methods for establishing a *prima-facie* case of disparate treatment: direct and indirect (or inferential). *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994) (per curiam) (citation omitted). The direct method requires evidence that, if believed, "proves the fact [of discriminatory animus]

5

without inference or presumption." *Brown v. East Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993); *see also Davis*, 14 F.3d at 1085. Direct evidence of discrimination includes comments that "directly suggest the existence of bias." *Davis*, 14 F.3d at 1085. Direct evidence does not include, however, "stray remarks in the workplace," "statements by nondecisionmakers," or "statements by decisionmakers unrelated to the decisional process itself." *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring); *see also Boyd v. State Farm Ins.*, 158 F.3d 326, 329-330 (5th Cir. 1998) ("The mere utterance of a racial epithet is not indicia of discrimination under Title VII.") (citing *Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1295 (5th Cir. 1994)).

Black fails to provide any direct evidence of discrimination. Her claims center around the following alleged incidents: (1) when her supervisor, Peter Bernstein, wiped his hand after shaking hands with Black at their first meeting, though Bernstein did not wipe his hand after shaking hands with non-minority employees ("the hand-wiping incident"); (2) Black's assignment to a different workspace location; (3) Bernstein's cancellation of scheduled training for Black; (4) the assignment of additional duties to Black; (5) Bernstein's failure to correct Black's time-recording inaccuracies; (6) Bernstein's comment to Black that "You people should be glad you have a job here" (the "you-people" comment"); and (7) Black's termination from Lockheed Martin.

6

None of these incidents "directly suggest the existence of bias." *Davis*, 14 F.3d at 1085. They all require an inferential step to constitute evidence of racial discrimination. This is true even for the "you-people" comment. As already stated, stray remarks in the workplace are not direct evidence of discrimination. *See Hopkins*, 490 U.S. at 277; *Boyd*, 158 F.3d at 329-330. This is especially so where the statement is an isolated occurrence, as here. *See Boyd*, 158 F.3d at 329-330 (citing *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 656 (5th Cir. 1996) (specific comments over a *lengthy period of time* sufficient to establish discrimination); *Ray v. Tandem Computers*, 63 F.3d 429, 435 (5th Cir. 1995) (*single comment too remote* to infer discrimination); *Guthrie v. Tifco Industries*, 941 F.2d 374, 379 (5th Cir. 1991)(comments made at least a year prior to demotion insufficient to imply discrimination); *Daniels v. Essex Group, Inc.*, 937 F.2d 1264, 1266 (7th Cir. 1991) (discrimination prevalent where employee was nicknamed "Buckwheat" for first ten years of employment and subjected to other racial taunts)). Moreover, Bernstein did not say that Black's race played a role in his assessment; rather, the alleged statement was directed towards "you people," which could conceivably be a reference to any number of things, such as Black's status within the company, individuals with the same job title as Black, or Black's coworkers in general. Such evidence is not direct.

7

Where there is no direct evidence of intentional discrimination, the Fifth Circuit requires the application of the burden-shifting standard first established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973), to analyze claims of intentional discrimination.  *See Armstrong v. City of Dallas*, 997 F.2d 62, 65 n.2 (5th Cir. 1993); *Texas v. Crest Asset Mgmt., Inc.*, 85 F. Supp. 2d 722, 728-29 (S.D. Tex. 2000); *Norris v. Housing Auth.*, 980 F.Supp. 885, 900-01 (S.D. Tex. 1997). Under the *McDonnell Douglas* standard, "the plaintiff must initially establish a *prima-facie* case by satisfying a multi-factor test from which a discriminatory motive may be inferred, thus creating a rebuttable presumption of intentional discrimination." *Texas*, 85 F.Supp.2d at 729. "Once the plaintiff establishes a *prima-facie* case, then the burden shifts to the defendant to articulate--but not prove--a legitimate nondiscriminatory reason for its action." *Id.* at 729; *see McDonnell Douglas Corp.*, 411 U.S. at 802.  A defendant meets this burden by producing admissible evidence of a reason that would be "legally sufficient to justify a judgment for the defendant." *Bohrer v. Hanes Corp.*, 715 F.2d 231, 218 (1983) (quoting *Burdine*, 450 U.S. at 253-54). But the defendant need not persuade the trier of fact that there was no intentional discrimination; the defendant need only produce evidence on that point.  *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507, 113 S. Ct. 2742, 2747 (1993). If the defendant meets its burden of production, then the burden

8

shifts back to the plaintiff to show that "the reason proffered by the defendant is merely a pretext for discrimination." *McDonnell Douglas*, 411 U.S. at 802.

The plaintiff can make a showing of pretext "either directly by persuading the court that a discriminatory reason more likely motivated the [defendant] or indirectly by showing that the [defendant's] proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256. A defendant's explanation is not exposed as a pretext for discrimination unless it is shown both that the defendant's stated nondiscriminatory reason was false and that discrimination was the real reason for the decision. *St. Mary's*, 509 U.S. at 515. However, once the plaintiff has made a sufficient showing of pretext, "[n]o further evidence of discriminatory animus is required." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). It is important to note that "[t]he ultimate burden of proof of intentional discrimination rests at all times on the plaintiff." *Norris*, 980 F.Supp. at 901 (citing *St. Mary's*, 509 U.S. at 507).

"Summary judgment is particularly appropriate when the Court is evaluating evidence at the 'pretext' stage of the *McDonnell Douglas* analysis." *Id.* "It is relatively easy both for a plaintiff to establish a *prima facie* case and for a defendant to articulate a legitimate, non-discriminatory reason for his decision." *Britt v. Grocers Supply Co.*, 978 F.2d 1441, 1450 (5th

9

Cir. 1992)(citing *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 811 (5th Cir. 1991)). "In the context of summary judgment . . . , the question is not whether the plaintiff proves pretext, but rather whether the plaintiff raises a genuine issue of fact regarding pretext." *Id.* Speculation and belief are insufficient to create a fact issue as to pretext. *See Britt*, 978 F.2d at 1451; *see also Norris*, 980 F.Supp. at 901. Nor can pretext be established by mere conclusory statements of a plaintiff who feels that he has been discriminated against. *E.E.O.C v. Exxon Shipping Co.*, 745 F.2d 967, 976 (5th Cir. 1984); *see also* 980 F.Supp. at 901.

Because Black has not shown that Lockheed Martin's reasons for disparate treatment of Black are pretexts for unlawful discrimination, however, the Court sees no need to rummage through the arguments over whether Black has established a *prima-facie* case; one will be assumed. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001); *Britt* 978 F.2d at 1450.

Moving on then to pretext, first, Lockheed Martin has thoroughly documented and substantiated its nondiscriminatory reason for terminating Black--her failure to properly document and categorize her time during the work day. Black has even admitted that she failed to properly document her time and that she was aware that she could be sanctioned or discharged for mischarging her work hours. Black does not dispute or object to this evidence.

10

Instead, she merely attempts to weaken its impact with her own vague conjecture.[2]

Second, the few isolated incidents Black relies upon to raise an issue as to whether Lockheed Martin's reasons for its adverse treatment of Black were a pretext for discrimination, fail to raise that issue in view of essentially uncontroverted evidence adduced by Lockheed Martin but not recounted here in detail.  This leaves only Black's suspicion of discrimination to raise a fact issue as to pretext.  But that suspicion and the incidents upon which its based do not constitute even a scintilla of proof in favor of her argument.  *See Britt*, 978 F.2d at 1451; *Norris*, 980 F.Supp. at 901.

Black has not raised any genuine questions as to whether a discriminatory motive more than likely motivated Lockheed Martin in its treatment or termination of Black.  *See Burdine*, 450 U.S. at 256. Nor has she raised genuine issues as to whether Lockheed Martin's explanations for its conduct are unworthy of credence. *See Laxton*, 333 F.3d 572, 578 (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)).  Summary judgment must therefore be granted to Lockheed Martin.  *See Britt*, 978 F.2d at 1451; *Norris*, 980 F.Supp. at 901.

---

[2] Black also attempts to raise pretext questions by citing Bernstein's failure to correct Black's erroneous time entries.  Black stated in her deposition, however, that she was aware that it was her responsibility to properly document her time.

B. <u>Other Claims</u>

The Court grants Lockheed Martin's motion as to Black's retaliation claim for the reasons stated in section F.1. of Lockheed Martin's brief in support of its motion. As for all other claims by Black, the Court grants Lockheed Martin's motion for the reasons stated therein.[3]

IV. <u>CONCLUSION</u>

Therefore, Lockheed Martin's Motion for Summary Judgment [doc. # 62] is GRANTED.[4]

SIGNED March 7, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[3] Moreover, the Court notes that Black failed to address most of the issues briefed by Lockheed Martin, including the arguments directed towards Black's retaliation claims.

[4] Though Lockheed Martin made several objections to Black's summary-judgment evidence, because of the result reached in this order those objections are hereby RENDERED MOOT.